# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRISTIAN H. CANO,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:16-cv-1023-Orl-40KRS**

**CRAB ADDISON, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE (Doc. No. 23)**
>
> **FILED:** **August 29, 2016**

**I.   BACKGROUND.**

On May 17, 2016, Plaintiff, Christian H. Cano, filed a complaint against Defendant, Crab Addison, Inc., in the County Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. No. 2.  Plaintiff raised claims for failure to pay a minimum wage in violation of the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Article X, § 24(c) of the Florida Constitution.   He also asserted a claim for failure to properly pay overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

On June 13, 2016, Defendant removed the case to this Court, and on June 20, 2016, Defendant filed its answer.  Doc. Nos. 1, 7.  On August 3, 2016, the parties notified the Court that

they had resolved the case.  Doc. No. 19.  The parties requested that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  *Id.*  I denied that motion without prejudice for two reasons.  First, the agreement contemplated that it could be modified in writing by the parties, thus depriving the agreement of the requisite finality.  Doc. 19 at 3.  Second, the agreement included a broad general release, which undermined its fairness.  *Id.*

On August 29, 2016, the parties filed an amended motion for approval of an amended settlement agreement.  Doc. No. 23.  The amended settlement agreement removed the provision permitting modification of the agreement in writing and it narrowed the release.  Doc. No. 29.  On September 20, 2016, I entered an Order directing Plaintiff's counsel to submit supplemental briefing on the reasonableness of the attorney's fees due to be paid under the terms of the agreement.  Doc. No. 24.  Plaintiff's attorney, Kevin Vorhis, filed an affidavit in response to that Order on October 5, 2016.  Doc. No. 27.  The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that

counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.  ANALYSIS.

### A.  *Whether Plaintiff Has Compromised His Claims.*

Under the amended settlement agreement, Defendant will pay Plaintiff a total of $7,400.00, $1,100.00 to Plaintiff — $550.00 in back pay and $550.00 in liquidated damages — and $6,300.00 to Plaintiff's attorney.  Doc. No. 29 at 1-2.

In his answers to the Court's FLSA Interrogatories, Plaintiff calculated that he was entitled to $1,274.48 in unpaid wages plus liquidated damages, for a total of at least $2,548.96.  Doc. No. 20, at 4 ¶ 7.  Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

### B.  *Whether the Amount Is Fair And Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

The parties agree that this action involves disputed issues. Doc. 23 at 2. Plaintiff was employed by Defendant as a server and was a tipped employee. *Id.* He claims he was engaged in non-tipped tasks exceeding twenty percent of his work time and, therefore, Defendant improperly applied a tip credit to each hour he worked. *Id.* at 3. Defendant asserts that Plaintiff was properly compensated at all times during his employment, and has produced records showing the hours Plaintiff worked and the compensation he received. *Id.* The parties agree that there is a genuine dispute as to if and when Plaintiff engaged in non-tipped duties during each and every shift of his employment. *Id.*

This factual dispute explains the parties' compromise, and I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    *C.*    *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his attorneys is reasonable, to ensure that the fees and costs to be paid to his attorneys did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228. If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach. *Id.*

Upon my initial review of the parties' motion, I determined it did not provide sufficient information for the Court to determine whether the attorney's fees and costs being paid to Plaintiff's

counsel were reasonable in light of the disparity between the $1,100 payment to Plaintiff and the $6,300 payment to his counsel.  Doc. 24 at 1.  I thus directed Plaintiff's counsel to supplement the motion by providing the Court with sufficient information to determine the reasonableness of the fees.  *Id.* at 2.  Specifically, I directed that the response should be supported by time sheets showing actual time worked, evidence of the background and experience for the individuals for whom fees are being sought, and evidence that $330.00 is a reasonable hourly rate for Plaintiff's counsel in the central Florida market.  *Id.*  In response, Plaintiff's counsel submitted an affidavit that included his time sheets and evidence of his background and experience, but he failed to include any evidence of the reasonableness of his rates, such as hourly rates previously awarded by a court or an affidavit from an expert.  Doc. No. 27.

After review of the time sheets, I find that the slightly more than 23 hours worked by Attorney Vorhis as reflected on the time sheet is not patently unreasonable.[2]  However, $330.00 per hour is excessive in the central Florida market in cases of this type for Attorney Vorhis's work because he has less than four years of experience.  Doc. No. 27, at 2.  After deducting claimed costs and expenses of $513.00 from the amount to be paid to counsel, fees under the settlement agreement total $5,787.00.  This results in an hourly rate for Attorney Vorhis's work of approximately $250.00 per hour, which is a more reasonable hourly rate for an attorney of his experience in this market.

---

[2] Although the motion states that Attorney Vorhis worked approximately 18.25 hours on this matter, Doc. No. 23, at 3, that representation is inconsistent with the time sheet.  Additionally, the time sheet reflects work performed by a client intake person and two legal assistants.  Doc. No. 27, at 7-9.  Attorney Vorhis has not provided information about their skill or experience and, therefore, I do not consider the work performed by these individuals in making the analysis of the reasonableness of the payment to counsel as part of the settlement.

Additionally, the parties represent that the attorneys' fees and costs were negotiated separately and without regard to the amount to be paid for Plaintiff's underlying claims. Doc. No. 23 at 3. Based on the foregoing, I find no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel.

### D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Unlike the release in the original settlement agreement, the amended release is narrowly tailored to release only the wage claims asserted in this lawsuit. Doc. No. 29 at 2. Accordingly, I recommend that the Court find that the release does not undermine the fairness or reasonableness of the settlement agreement.

### IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in part** the Amended Joint Motion for Approval of FLSA Settlement Agreement and Dismissal With Prejudice (Doc. No. 23);

2. **FIND** that the parties' amended settlement agreement (Doc. No. 23-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DECLINE** to reserve jurisdiction to enforce the amended settlement agreement;

4. **PROHIBIT** counsel from withholding any portion of the $1,100.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise;

5. **DISMISS** the case with prejudice; and

      6.      **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 28, 2016.

                                              *Karla R. Spaulding*
                                              KARLA R. SPAULDING
                                              UNITED STATES MAGISTRATE JUDGE